```
            UNITED STATES DISTRICT COURT
          SOUTHERN DISTRICT OF WEST VIRGINIA

                      PARKERSBURG
```

**OTIS JACKSON, II,**

     Movant,

v.                                   **Case No. 6:90-cr-00280-01**
                                                     **Case No. 6:04-cv-00844**

**UNITED STATES OF AMERICA,**

     Respondent.

### PROPOSED FINDINGS OF FACT AND RECOMMENDATION

Pending before the court are Movant's "Motion Pursuant to Rule 60(b) § 5 and 6 Relief from Judgment or Order" (docket sheet document # 152), filed on August 9, 2004, his "Motion Requesting a Speedy Trial or Dismissal of Complaint/Sentence" (# 161), filed on February 16, 2005, and his "Motion Amending Speedy Trial Motion and Docket Number" (# 162), filed on March 18, 2005. The Notice of Filing prepared by the Clerk (# 155) stated that Movant's Rule 60(b) Motion is "treated as a Motion to Vacate, Set Aside or Correct Sentence pursuant to 28 United States Code 2255." A form order entered August 20, 2004 (# 157) construed the Rule 60(b) motion as one requesting post-conviction relief. Each motion will be addressed separately and on its own merits according to the applicable law.

Movant, Otis Jackson, II, (hereinafter referred to as "Defendant"), is serving a 240 month period of imprisonment, to be

followed by a five year term of supervised release, upon his conviction by a jury of engaging in a conspiracy to possess with intent to distribute and to distribute cocaine and marihuana, and conspiracy to defraud the United States by impeding the functions of the Internal Revenue Service.  The District Court also imposed a special assessment of $100.00.  (Judgment in a Criminal Case, entered October 22, 1991, # 77.)  Defendant's sentence was based in part on increases in his offense level attributable to his possession of a firearm and his having a leadership role in the conspiracy.

Defendant's direct appeal of his conviction and sentence was unsuccessful.  United States v. Jackson, No. 91-5437, 1992 WL 167943 (4th Cir., July 21, 1992)(# 94), cert. denied, 506 U.S. 1009 (1992).

On October 5, 1992, Defendant filed a motion for a new trial (# 98), which was denied.  (Orders entered Nov. 23, 1992, ## 106 and 107.)  Defendant's appeal was unsuccessful.  United States v. Jackson, No. 92-7231, 1993 WL 138526 (4th Cir. May 3, 1993), cert. denied, 510 U.S. 968 (1993).

On April 18, 1997, Defendant filed a motion pursuant to 28 U.S.C. § 2255 (# 124).  The motion was denied on September 12, 1997 (## 136 and 137).  Defendant sought a certificate of appealability, which was denied.  United States v. Jackson, No. 97-7441, 1998 WL 184365 (4th Cir. April 20, 1998).  By Orders entered August 9,

2

1999, February 17, 2000, and June 29, 2001, the presiding district judge denied Defendant's efforts to file successive applications for relief or to recall the mandate (## 149-151).

<u>Defendant's Rule 60(b) Motion</u>

    Defendant's Motion presents three issues:

> 1. Whether the two and four point enhancements violate[] movant[']s Constitutional rights under the Sixth Amendment?
> 2. Whether or not movant is actually innocent of the enhancements above and below, and if enhancements are above movant[']s statutory maximum sentence pursuant to Blakely and Haley?
> 3. Whether or not Blakely is retroactive to the movant[']s case?

(Motion, at 3.)

    Defendant's instant Motion is a direct attack on his conviction; thus it is clearly an attempt to file a successive postconviction motion without obtaining authorization from the U.S. Court of Appeals for the Fourth Circuit, as required by 28 U.S.C. § 2244(b)(3). This court lacks jurisdiction to consider a successive postconviction motion in the absence of the pre-filing authorization. <u>United States v. Winestock</u>, 340 F.3d 200, 205 (4th Cir. 2003).

    Recently, the Supreme Court issued its decision in <u>Gonzalez v. Crosby</u>, 125 S. Ct. 2641 (2005), in which the Court approved rulings by various circuit courts of appeals that a Rule 60(b) motion filed by a prisoner which is in substance a successive habeas petition should be treated accordingly. The Court further held, <u>inter alia</u>,

that

>   a Rule 60(b) motion based on a purported change in the substantive law governing the claim could be used to circumvent § 2244(b)(2)(A)'s dictate that the only new law on which a successive petition may rely is "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable."

Id., at 2647-48. However, six Circuit Courts of Appeals have now ruled that Blakely and Booker are not retroactive.

In McReynolds v. United States, 397 F.3d 479, 480-81 (7th Cir. 2005), the Court held:

>   Although the Supreme Court did not address the retroactivity question in *Booker*, its decision in *Schriro v. Summerlin*, ___ U.S. ___, 124 S. Ct. 2519, 159 L. Ed.2d 442 (2004), is all but conclusive on the point. *Summerlin* held that *Ring v. Arizona*, 536 U.S. 584, 122 S. Ct. 2428, 153 L. Ed.2d 556 (2002) -- which, like *Booker*, applied *Apprendi*'s principles to a particular subject -- is not retroactive on collateral review.
>
>   *Ring* held, in reliance on *Apprendi*, that a defendant is entitled to a jury trial on all aggravating factors that may lead to the imposition of capital punishment. In *Summerlin* the Court concluded that *Ring* cannot be treated as a new substantive rule -- which is to say, a rule that "alters the range of conduct or the class of persons that the law punishes." ___ U.S. ___, 124 S. Ct. at 2523. It observed that "*Ring* altered the range of permissible methods for determining whether a defendant's conduct is punishable [in a particular way], requiring that a jury rather than a judge find the essential facts bearing on punishment. Rules that allocate decisionmaking authority in this fashion are prototypical procedural rules." *Ibid.* That is no less true of *Booker* -- or for that matter *Apprendi* itself. We held in *Curtis v. United States*, 294 F.3d 841, 843 (7th Cir. 2002), that *Apprendi* does not apply retroactively on collateral review, because it "is concerned with the identity of the decisionmaker, and the quantum of evidence required for a sentence, rather than with what primary conduct is unlawful." That, too, is equally true of *Booker*. No

conduct that was forbidden before *Booker* is permitted today; no maximum available sentence has been reduced.

The remedial portion of *Booker* drives the point home. The Court held that the federal Sentencing Guidelines remain in force as written, although 18 U.S.C. § 3553(b)(1), which makes their application mandatory, no longer governs. District judges must continue to follow their approach *as guidelines*, with appellate review to determine whether that task has been carried out reasonably. No primary conduct has been made lawful, and none of the many factors that affect sentences under the Sentencing Guidelines has been declared invalid. Consequently, *Booker*, like *Apprendi* and *Ring*, must be treated as a procedural decision for purposes of retroactivity analysis.

\* \* \* The Court held in *DeStefano v. Woods*, 392 U.S. 631, and reiterated in *Summerlin*, that the choice between judges and juries as factfinders does not make such a fundamental difference; to the contrary, the Court stated in *Summerlin*, it is not clear which is more accurate. \_\_\_ U.S. at \_\_\_, 124 S. Ct. at 2525. What is more, *Booker* does not in the end move any decision from judge to jury, or change the burden of persuasion. The remedial portion of *Booker* held that decisions about sentencing facts will continue to be made by judges, on the preponderance of the evidence, an approach that comports with the sixth amendment so long as the guideline system has some flexibility in application. As a practical matter, then, petitioners' sentences would be determined in the same way if they were sentenced today; the only change would be the degree of flexibility judges would enjoy in applying the guideline system. That is not a "watershed" change that fundamentally improves the accuracy of the criminal process. *See also Curtis*, 294 F.3d at 843-44.

We conclude, then, that *Booker* does not apply retroactively to criminal cases that became final before its release on January 12, 2005. That date, rather than June 24, 2004, on which *Blakely v. Washington*, \_\_\_ U.S. \_\_, 124 S. Ct. 2531, 159 L. Ed.2d 403 (2004, came down, is the appropriate dividing line.

In <u>Green v. United States</u>, 397 F.3d 101, 103 (2d Cir. 2005), the Second Circuit held that "neither <u>Booker</u> nor <u>Blakely</u> appl[ies]

5

retroactively to [a] collateral challenge." In <u>Varela v. United States</u>, 400 F.3d 864, 868 (11th Cir. 2005), the Eleventh Circuit held "that <u>Booker</u>'s constitutional rule falls squarely under the category of new rules of criminal procedure that do not apply retroactively to a § 2255 on collateral review." In <u>Humphress v. United States</u>, 398 F.3d 855, 863 (6th Cir. 2005), the Sixth Circuit ruled that:

> We see no basis for concluding that the judicial factfinding addressed in *Booker* is either less accurate or creates a greater risk of punishing conduct the law does not reach than did the judicial factfinding addressed in *Ring*. The Supreme Court has never held that a new rule of criminal procedure falls within *Teague*'s second exception. *Beard [v. Banks]*, 124 S. Ct. [2504], 2513-14 [(2004)]. We hold that *Booker*'s rule does not either.

In <u>United States v. Price</u>, 400 F.3d 844, 848 (10th Cir. 2005), the Tenth Circuit held that <u>Blakely</u> was a new rule of criminal procedure that was not subject to retroactive application on collateral review. In <u>Lloyd v. United States</u>, 407 F.3d 608, 615-16 (3d Cir. 2005), the Third Circuit held that "<u>Booker</u> announced a rule that is 'new' and 'procedural,' but not 'watershed;'" thus it does not apply retroactively to § 2255 motions filed in cases which were final as of January 12, 2005.

The undersigned proposes that the presiding district judge **FIND** that Defendant's Rule 60(b) motion is tantamount to a successive application for collateral review, and that this court lacks jurisdiction to consider it. It is respectfully **RECOMMENDED**

that the Rule 60(b) motion (# 152) be dismissed for lack of jurisdiction or transferred to the U.S. Court of Appeals for the Fourth Circuit so that court may perform its gatekeeping function under § 2244(b)(3.)

<u>Defendant's Speedy Trial Act Motion and Motion Amending Motion</u>

Defendant's motion (# 161) is based upon his assertion that he "was sentenced . . . for crimes not connected to the indictment" which violated his rights under the Fifth and Sixth Amendments to the Constitution. Relying on <u>Blakely</u> and <u>Booker</u>, Defendant asserts that he should have had a jury trial as to the factors which enhanced his sentence, that his Speedy Trial Act rights have been violated, and that the enhancements to his sentence should be removed. (Motion, at 1-2.)

Defendant's Motion Amending Motion (# 162) demands a jury trial as to the firearm and leadership role enhancements to his sentence.

Both of these Motions are based on <u>Blakely</u> and <u>Booker</u>. As set forth above, the circuit courts of appeals are, thus far, unanimous in their decisions that <u>Blakely</u> and <u>Booker</u> do not apply retroactively on collateral review. Accordingly, the undersigned proposes that the presiding district judge **FIND** that these two motions are without merit, and it is respectfully **RECOMMENDED** that they be denied.

The parties are notified that this Proposed Findings and

Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable Joseph R. Goodwin.  Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), Rule 8(b) of the Rules Governing Proceedings in the United States District Courts Under Section 2255 of Title 28, United States Code, and Rule 45(e) of the Federal Rules of Criminal Procedure, the parties shall have three days (mailing/service) and then ten days (filing of objections), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings Recommendation to which objection is made, and the basis of such objection.  Extension of this time period may be granted for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of de novo review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.  Snyder v. Ridenour, 889 F.2d 1363 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).  Copies of such objections shall be served on opposing parties, Judge Goodwin, and this Magistrate Judge.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Movant, Otis Jackson, II, and to counsel of record.

   July 19, 2005                           *Mary E. Stanley*
      Date                                   Mary E. Stanley
                                         United States Magistrate Judge